J-S35012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR J. STAFFORD | : | |
| | : | |
| Appellant | : | No. 599 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 4, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001912-2022

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:     **FILED: DECEMBER 13, 2023**

Omar J. Stafford appeals from the judgment of sentence imposed following his guilty plea to rape of a child. Stafford's counsel, Donna De Vita, Esquire, has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and an application to withdraw as counsel. After careful review, we affirm and grant Attorney De Vita leave to withdraw.

When he pleaded guilty, Stafford admitted that between January 2010 and February 2021 he engaged in sexual intercourse multiple times with a minor child. ***See*** N.T. 11/18/2022 at 6. Stafford was later sentenced to 20 to 40 years' incarceration followed by three years of probation. Stafford filed a motion for reconsideration, which was denied. This timely appeal followed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Stafford was ordered to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Stafford's only listed complaint was that his sentence was harsh and excessive. **See** Concise Statement, 5/17/23.

On appeal, Attorney De Vita has filed an **Anders** brief and an application to withdraw as counsel. Stafford has not filed a *pro se* brief, retained counsel or responded to Attorney De Vita's filings.

Before reviewing the underlying merits of the appeal, we must determine whether Attorney De Vita has complied with the requirements of **Anders** in her attempt to withdraw from representation. **See Commonwealth v. Goodwin,** 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). **Anders** requires direct appeal counsel to file a petition evincing their review of the record and their determination that an appeal is frivolous, file a brief laying out issues that could arguably support an appeal and provide a copy of said petition and brief to their client, advising them of their right to retain new appellate counsel, proceed *pro se* on appeal or raise additional issues. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015). A proper **Anders** brief contains a factual and procedural summary of the case, citing the record, references to points in the record that arguably support the appeal, counsel's conclusion that the appeal is frivolous, and counsel's reasons for reaching that conclusion including relevant authority. **See id**.

Here, Attorney De Vita has complied with the requirements set forth in **Anders** by indicating that she examined the record and determined that an

- 2 -

appeal would be frivolous. Further, Attorney De Vita's **Anders** brief sets forth her conclusions that Stafford's excessive sentence claim is frivolous.[1] Finally, Attorney De Vita provided a letter to Stafford, informing him of her intention to withdraw as counsel, and advising Stafford of his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Attorney De Vita has satisfied the technical requirements for withdrawing from representation, we will independently review the record to determine whether Stafford's appeal is, in fact, wholly frivolous. **See Flowers**, 113 A.3d at 1248.

Attorney De Vita identifies a single argument that Stafford wishes to present to this Court: that his sentence of 20 to 40 years' imprisonment was harsh and excessive. **See Anders** Brief, at 10. As Attorney De Vita acknowledges, this raises a challenge to the discretionary aspects of Stafford's sentence. **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super.

_____

[1] We caution Attorney De Vita that parts of her analysis cross the line into advocacy for Stafford's claim. For example, Attorney De Vita writes:

> Counsel understands that the trial judge imposed a sentence that fell in the standard range, albeit in the high end, that the court had the benefit of his PSI, that Appellant had pled guilty to behavior that occurred over a period of time, and occurred on multiple occasions. Nonetheless, on behalf of Appellant, counsel respectfully requests this Court to find that the trial court abused its discretion and vacate this sentence and remand his case for resentencing.

**Anders** Brief, at 15-16. Viewed in isolation, this paragraph is clearly advocating for relief. However, in the very next paragraph, Attorney De Vita opines that "an appeal would be wholly frivolous." **Id.** at 16. Based on a review of the entirety of Attorney De Vita's brief, we conclude that she has satisfied her duty to explain why she has concluded the appeal is frivolous.

2018). We do not automatically have jurisdiction to review such a challenge. *See id.* Rather, Stafford must invoke our jurisdiction by:

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.*

Here, Stafford filed a post-sentence motion asserting that his sentence was harsh and excessive. Further, he timely appeal the judgment of sentence. And the *Anders* Brief contains a Rule 2119(f) statement. We therefore must determine whether he has raised a substantial question.

Stafford's challenge consists of two fundamental complaints: (1) that the sentence was harsh and excessive given his lack of criminal history, and his acceptance of full responsibility for his crimes; and (2) that the trial court failed to consider the required statutory criteria in imposing sentence. *See Anders* Brief, at 10. This combination of claims raises a substantial question. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013).

We therefore turn to the merits of Stafford's claim, and easily confirm Attorney De Vita's conclusion that the claim is wholly frivolous. The sentence imposed, 20 to 40 years of imprisonment, constitutes a standard range

minimum sentence with a maximum term of imprisonment at the statutory limit. As such, it is generally viewed as an appropriate sentence under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). And Stafford makes no more than a boilerplate contention that it is not appropriate here.

Further, the sentencing court had the benefit of a pre-sentence investigation report ("PSI"). Where the trial court had the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992). As a result, Stafford's belief that the trial court failed to consider the statutorily required factors is belied by the record. His challenge to the discretionary aspects of his sentence is therefore meritless.

- 5 -

Finally, our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal. We therefore grant counsel's petition to withdraw and affirm Stafford's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/13/2023</u>